UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 SEP 29 PM 3: 04

LORETTA G. WHYTE
CLERK

TANGIPAHOA CITIZENS FOR BETTER
GOVERNMENT, MARVIN VERNON, GLYNISS
GORDON, FRANK ARBURTHA, WALTER,
DANIELS, JONATHAN FOSTER, BETTY
ROBERTSON, CALVIN BATISTE, AND
GREG BURTON

      PLAINTIFFS,

VERSUS

THE PARISH OF TANGIPAHOA, GORDON A. BURGESS,
President of the Parish of Tangipahoa, GUY F. BUCKLEY,
Councilmember, District 1, ROGER D. FAUST,
Councilmember, District 2, MICHAEL A. PETITTO,
Councilmember, District 3, CARLO S. BRUNO, Councilmember,
District 4, H.G. RIDGEL, Councilmember, District 5,
RONNIE BANKSTON, Councilmember, District 6,
WILLIAM FLEET, Councilmember, District 7, CARLOS
NOTARIANO, Councilmember, District 8, DEBBIE D.
EDWARDS, Councilmember, District 9, and BOBBY CORTEZ,
Councilmember, District 10

      DEFENDANTS.

CIVIL ACTION

NUMBER:

03-2710

SECTION:

SECT. R MAG. 3

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Jurisdiction

1.     This is a suit in equity under Section 2 of the Voting Rights Act of 1965, and the Voting Rights Act Amendments of 1982, 42 U.S.C. 1973, 42 U.S.C. 1983, for declaratory and injunctive relief against the 2003 Tangipahoa Parish Council Redistricting Plan, Parish of Tangipahoa, State of Louisiana.

2.     This Court has jurisdiction over this action pursuant to 42 U.S.C. 1973j(f) and 28 U.S.C. 1331, 1343, 1344, 2201 and 2202.

Fee_____150.___
Process_____
X  Dktd_____
___ CtRmDep____
___ Doc. No.___

1

## Parties

3.  Plaintiffs herein are:

    a.  Tangipahoa Citizens For Better Government is an unincorporated association of citizens of the Parish of Tangipahoa concerned with the civil rights of black citizens and whose individual members are injured by the redistricting plan containing only one black majority district in population and voting age population.

    b.  Marvin Vernon, Glyniss Gordon, Frank Arburtha, Walter Daniels, Jonathan Foster, Betty Robertson, Calvin Batiste, and Greg Burton, are black citizens of the United States and of the State of Louisiana. They are residents of the Parish of Tangipahoa and are registered to vote there.

4.  Defendants herein are:

    a.  The Parish of Tangipahoa, a corporate body and political subdivision of the State of Louisiana, with the capacity to sue and be sued in its own name.

    b.  Gordon A. Burgess, President, Parish of Tangipahoa, Louisiana; he is sued in his official capacity as Parish President.

    c.  Guy F. Buckley, Roger D. Faust, Michael a. Petitto, Carlo S. Bruno, H.G. Ridgel, Ronnie Bankston, William Fleet, Carlos Notariano, Debbie D. Edwards, and Bobby Cortez, Parish Councilmembers for the Parish of Tangipahoa. They are sued in their capacity as councilmembers, Parish of Tangipahoa.

5.  At all revelant times set out herein, defendants were and have been acting under the color of the statutes, ordinances, regulations, custom and usuages of the State of Louisiana and the Parish of Tangipahoa.

Facts

6.  According to the 2000 census, the population of the Parish of Tangipahoa is 100,588 persons, of whom 70,175 (69.8%) are white and 28,519 (28.4%) are black; the total voting age population (18-64) of the Parish of Tangipahoa is 72,699 persons, of whom 53,152 (73.1%) are white and 18,247 (25.1%) are black.

7.  The Parish of Tangipahoa is governed by a Parish President and ten (10) councilmembers elected from single member districts.

8.  The Tangipahoa Parish Council can be redistricted into ten (10) single member districts comprised of three Black majority districts in population and voting age population.

9.  The State of Louisiana and Tangipahoa Parish have a long history of official purposeful discrimination against and disenfranchisement of qualified black voters, denying them the opportunity to register to vote, to vote, and otherwise participate in the democratic process.

10. Voting in the Parish of Tangipahoa is and has been racially polarized in elections in which a black candidate has run for office, with white voters generally voting for white candidates and black voters voting for black candidates.

11. The 2003 Tangipahoa Parish Council Redistricting Plan is under review by the United States Department of Justice for preclearance under Section 5 of the Voting Rights Act.

12. There is only one black serving on the parish council even though Blacks makeup over twenty-eight percent of the parish's population.

13. Black citizens of the Parish of Tangipahoa have long suffered from and continue to suffer from the results and effects of invidious racial discrimination in education, employment, economics, health, politics and other areas.

14. The current parish council members are "holdovers" because the 2003 Tangipahoa Parish Council Redistricting Plan has not been precleared under Section 5 of the Voting Rights Act. The regular election for the parish council was scheduled for October 4,

2003 and qualifying for office should have been August 19-21, 2003. According to Federal and State Law, the 2003 Tangipahoa Parish Council Redistricting Plan can not be implemented until the plan is precleared under Section 5 of the Voting Rights Act.

15. By virtue of the foregoing, the 2003 Tangipahoa Parish Council Redistricting Plan with only one Black majority district in population and voting age population will cause irreparable injury to plaintiffs by denying them an equal opportunity to participate in the political process and to elect candidates of their choice to public office. Plaintiffs have no plain, speedy or adequate remedy at law. Unless restrained and enjoined by this court, defendants will continue to deny plaintiffs their rights.

## Cause of Action

16. By virtue of the foregoing, the 2003 Tangipahoa Parish Council Redistricting Plan with only one Black majority district in population and voting age population has been imposed or applied by defendants in a manner which results in a denial or abridgement of the rights of plaintiffs to vote on account of race or color and, as a result, black citizens have less opportunity than white citizens to participate in the political process and to elect candidates of their choice, all in violation of rights secured to plaintiffs by Section 2 of the Voting Rights Act of 1965, and the Voting Rights Act Amendments of 1982, 42 U.S.C. 1973, 42 U.S.C. 1983.

## Relief

WHEREFORE, plaintiffs pray that this Court set this matter down for expedited and speedy hearing, and upon which hearing:

(a) Declare that the 2003 Tangipahoa Parish Council Redistricting Plan dilutes black voting strength and deny plaintiffs their rights secured by Section 2 of the Voting Rights Act of 1965, and the Voting Rights Act Amendments of 1982, 42 U.S.C. 1973 and 1983.

(b) Grant preliminary and permanent injunctive relief restraining and enjoining defendants, their officers, agents and employees, attorneys and successors in office, and all persons in active concert with them, from any further implementation or enforcement of, and

4

from holding any primary or general elections under the 2003 Tangipahoa Parish Council Redistricting Plan for members to the Parish Council of Tangipahoa.

 (c) Order into effect a plan for the election of members to the Parish Council for the Parish of Tangipahoa, which provides plaintiffs with a remedy for the violation of their rights as described above.

 (d) Grant plaintiffs their costs of court, necessary expenses of litigation, and reasonable attorney fees as provided by 42 U.S.C. 1973 and l (e) and 1988.

 (e) Grant plaintiffs such other relief as may be just and equitable.


By: /s/ Ronald L. Wilson
RONALD L. WILSON
Bar Roll Number 13575
The National Bank of Commerce Building
210 Baronne Street-Suite 1800
New Orleans, LA 70112
Phone: 525-4361
Fax: 525-4380

Marion D. Floyd
Bar Roll Number 22902
1213 Williams Boulevard-Suite A
Kenner, LA 70062
Phone: 467-3010
Fax: 467-3020